UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABOUBACAR JALLOH,

           Plaintiff,

-against-

THOMAS P. WENDEL,

           Defendant.

Index No.:  07 Civ. 4091 (NRB)

ECF CASE

**Hon. Judge Naomi R. Buchwald**

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of defendant Thomas P. Wendel's (hereinafter "Mr. Wendel") motion for an Order pursuant to FRCP 56 and N.Y. Insurance Law 5102 granting summary judgment in his favor dismissing the complaint and any and all claims asserted against him, together with such other relief as the Court may deem just and proper.

## QUESTION PRESENTED

Whether defendant is entitled to summary judgment and dismissal of the complaint when plaintiff did not sustain a "serious injury" as defined at N.Y. Insurance Law 5201 as a result of the subject motor vehicle accident?

It is respectfully submitted that the answer to this question is "Yes."

## STATEMENT OF FACTS

The material facts are set forth in the accompanying affidavit of Mark A. Solomon, the exhibits annexed thereto, and the Rule 56.1 Statement of Facts, to which the Court is respectfully referred, and which are incorporated herein by reference.

## **ARGUMENT**

## **STANDARD OF REVIEW**

Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material issue of fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); See Adirondack Transit Lines, Inc. v. United Transp. Union, Local 1582, 305 F.3d 82 (2nd Cir. 2002);See Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548(1986); Hoilett v. Pathmark Stores, Inc., 2004 WL 287673 (S.D.N.Y. 2004). The moving party has the "initial burden of informing the district court of the basis for its motion and identifying the matter that "it believes demonstrates the absence of a genuine issue of material fact". Aggrey v. The Stop & Shop Supermarket Company, 2002 WL432388(S.D.N.Y. 2002); quoting Celotex Corp., 477 U.S. 317. The burden then shifts to the nonmoving party which must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 25059(1986).

If the court concludes that "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial," and summary judgment must be granted. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348(1986). The court must draw all reasonable inferences in favor of the nonmoving party and grant summary judgment only if no reasonable trier of fact could find in favor of the nonmoving party. Carrion v. Enterprise Ass'n Metal Trades, Branch Local Union 638, 227 F.3d 29(2nd Cir. 2000). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 447 U.S. at 248.

## PLAINTIFF DID NOT SUSTAIN A "SERIOUS INJURY" PURSUANT TO NEW YORK INSURANCE LAW 5102

As a federal court sitting in diversity, this Court must apply the substantive law of New York. See Schwimmer v. Allstate Ins. Co., 176 F.3d 648, 650 (2d Cir. 1999). Under New York's no-fault automobile insurance law there is "no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss." N.Y. Ins. L. § 5104(a). "Only in the event of a 'serious injury' as defined in the statute, can a person initiate suit against the car owner or driver for damages caused by the accident." Pommells v. Perez, 4 N.Y.3d 566, 571, 830 N.E.2d 278, 797 N.Y.S.2d 380 (2005). A "serious injury" is defined as follows:

> 'Serious injury' means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

N.Y. Ins. L. § 5102(d).

The New York Court of Appeals has held that "the court should decide the threshold question of whether the evidence would warrant a jury finding that the injury falls within the class of injuries that, under no-fault, should be excluded from judicial remedy." Licari v. Elliott, 57 N.Y.2d 230, 238, 441 N.E.2d 1088, 455 N.Y.S.2d 570 (1982).

New York courts have strictly construed the serious injury requirement, noting the legislature's determination to 'significantly reduce the number of automobile personal injury accident cases litigated in the courts, and thereby help contain the no-fault premium.'" Cruz v. Pritt, 2000 U.S. Dist. LEXIS 2152, *6-7, No. 99 Civ. 3029, 2000 WL 224106, at *2 (S.D.N.Y. Feb. 28, 2000) (quoting Licari v. Elliott, 57 N.Y.2d 230, 236, 441 N.E.2d 1088, 1091, 455

N.Y.S.2d 570, 573 (1982)). The New York Court of Appeals has explained that "proof of the extent of plaintiff's injury is necessary because the legislative intent underlying the No-Fault Law was to weed out frivolous claims and limit recovery to significant injuries." Dufel v. Green, 84 N.Y.2d 795, 798, 647 N.E.2d 105, 107, 622 N.Y.S.2d 900, 902 (1995) (citing Licari, 57 N.Y.2d at 234-235). Toward that end, the plaintiff bears the burden of making a *prima facie* showing that he has suffered a serious injury. See Khouzam v. Zalesky, 1996 U.S. Dist. LEXIS 2125, No. 93 Civ. 6360, 1996 WL 79882, at *4 (S.D.N.Y. Feb. 26, 1996); Licari, 57 N.Y.2d at 235; Gaddy v. Eyler, 79 N.Y.2d 955, 957, 591 N.E.2d 1176, 1177, 582 N.Y.S.2d 990, 991 (1992).

On a summary judgment motion based upon New York's no-fault law, the defendant must first make a *prima facie* showing that the plaintiff did not suffer a serious injury. Gaddy v. Eyler, 79 N.Y.2d 955, 591 N.E.2d 1176, 582 N.Y.S.2d 990 (1992). Once the defendant makes this showing, "[t]he burden then shift[s] to plaintiff to come forward with sufficient evidence to overcome defendant's motion by demonstrating that she sustained a serious injury." *Id.* To meet the burden of proof once it has shifted, the plaintiff must present objective medical evidence of a serious injury, Toure v. Avis Rent A Car Systems, 98 N.Y.2d 345, 350-51, 774 N.E.2d 1197, 746 N.Y.S.2d 865 (2002), in admissible form (*i.e.*, in the form of sworn affidavits or affirmations). N.Y. C.P.L.R. Rule 2106; Grasso v. Angerami, 79 N.Y.2d 813, 814, 588 N.E.2d 76, 580 N.Y.S.2d 178 (1991).

Pursuant to N.Y. CPLR 2106, the statement of a physician when subscribed and affirmed by him to be true under the penalties of perjury may be served or filed with the same force and effect as an affidavit. In addition, a defendant moving for summary judgment may rely on unsworn reports of the plaintiff's treating physician (see, Tankersley v Szesnat, 235 AD2d 1010, 1012, n 3; Torres v Micheletti, 208 AD2d 519; Pagano v Kingsbury, 182 AD2d 268, 270-271).

The medical record of plaintiff's treating doctor Dina Nelson, M.D. and the affirmation of Robert S. April, M.D., constitute a *prima facie* showing that plaintiff did not suffer a serious injury as a result of the August 7, 2006 accident. The expert medical exam of Dr. April indicating that plaintiff's condition is normal after the accident is sufficient to meet Mr. Wendel's burden of proof on a "serious injury" motion. Gaddy, 79 N.Y.2d at 955. The burden thus shifts to plaintiff to show, through admissible evidence, that he has suffered a serious injury. *Id.*

As this case does not involve death, dismemberment, significant disfigurement, a fracture, or loss of a fetus, plaintiff must show that his alleged injury satisfies one of the three remaining categories of serious injury set forth in the statute. *See* N.Y. Ins. L. § 5102(d). Specifically, plaintiff must show that his injury constitutes one of the following: 1) permanent loss of use of a body organ, member, function or system; 2) permanent consequential limitation or significant limitation of use of a body function or system; or 3) a medically determined injury . . . which prevents him from performing substantially all of the material acts which constitute his usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the accident (90/180 impairment). For the reasons discussed below, Plaintiff is unable to meet his burden of demonstrating a serious injury under any of the above categories.

"[T]o qualify as a serious injury within the meaning of the statute, 'permanent loss of use' must be total." Oberly v. Bangs Ambulance, Inc., 96 N.Y.2d 295, 299, 751 N.E.2d 457, 727 N.Y.S.2d 378 (2001). A partial loss of use of a body organ, member, function or system does not meet the statutory definition. *Id.* In the case at bar, there is no evidence to support a finding that plaintiff has suffered a total loss of use of his back or neck. Accordingly, he has failed to meet

his burden of showing a serious injury under the "permanent loss of use" category. Oberly, 96 N.Y.2d at 299.

Proof of a bulging or herniated disc is not conclusive on the serious injury question. Pommells, 4 N.Y.3d at 574. In addition, a physician's recitation of the legal requirement to meet the serious injury threshold (*i.e.*, "permanent partial disability") is not, in itself, enough to establish a serious injury. Lopez v. Senatore, 65 N.Y.2d 1017, 1019, 484 N.E.2d 130, 494 N.Y.S.2d 101 (1985). Plaintiff's testimony, unsupported in the record by any objective medical proof, was that he was only limited in kneeling and walking straight, which alleged limitations cannot be said to be significant or of consequence for purposes of application of the no-fault threshold.

The New York Court of Appeals has held, specifically, that a claim of 90/180 impairment must be supported by objective medical evidence. Toure, 98 N.Y.2d at 357. The medical evaluation by plaintiff's treating physician Dr. Nelson performed during the relevant 90-day period indicates a certain limitation of range of motion of the cervical spine, but is devoid of any indication or restriction to the effect that plaintiff was almost entirely disabled from performing his daily activities during that time frame. To the contrary, Dr. Nelson found plaintiff had no restriction to his lumbar spine, and that he was capable of working eight hours a day as a taxi driver. Dr. Nelson noted improvement and reduced neck and low back pain.

Plaintiff has not met his burden of offering objective medical evidence sufficient to support a finding that he was unable to perform "substantially all of the material acts which constitute [his] usual and customary daily activities" for 90 out of the first 180 days following the accident. N.Y.S. Ins. Law § 5102(d). Accordingly, he has not met his burden of demonstrating a serious injury under the 90/180 impairment prong of the no-fault statute. See Fuhrman-Pertz v. Ferragamo, 2006 U.S. Dist. LEXIS 64378.

## CONCLUSION

An Order should issue, pursuant to FRCP 56 and N.Y. Insurance Law 5102 granting summary judgment in his favor dismissing the complaint and any and all claims asserted against him, together with such other relief as the Court may deem just and proper.

Dated: New York, New York
May 16, 2008

**MARK A. SOLOMON (2613)**

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                    ss.:
COUNTY OF NEW YORK  )


  **ROBERTTA GRAHAM**, being duly sworn, deposes and says: that deponent is not a party to this action is over 18 years of age and resides in Bronx, New York.

That on the **16th day of May 2008**, deponent served the within **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** upon:

TO: BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP
   Attorneys for Plaintiff
   ABOUBACAR JALLOH
   112 Madison Avenue
   New York, New York 10016
   (212) 696-5500

at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in the official depository under the exclusive care and custody of the United States Post Office with the State of New York.

               _____
               ROBERTTA GRAHAM

Sworn to before me this
16th day of May, 2008

_____
Notary Public

LAURA E. [illegible] -Martinez
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01RU6118288
QUALIFIED IN NEW YORK COUNTY
CERTIFICATE FILED IN NEW YORK COUNTY
COMMISSION EXPIRES NOVEMBER 8TH, 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ABOUBACAR JALLOH,

                Plaintiff,

-against-

THOMAS P. WENDEL,

                Defendant.

Index No.: 07 Civ. 4091 (NRB)

ECF CASE

**Hon. Judge Naomi R. Buchwald**

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

**LAW OFFICES OF HARVEY & VANDAMME**
Attorneys for Defendant
THOMAS P. WENDEL
90 Broad Street – Suite 2202
New York, New York 10004
(646) 428-2650