UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ABOUBACAR JALLOH,

                            Plaintiff,

     -against-

THOMAS P. WENDEL,

                            Defendant.

------------------------------------------------------------X

Index No.: 07 Civ. 4091/(NRB)

ECF CASE

**Hon. Judge Naomi R. Buchwald**

---

# MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF THRESHOLD

---

Budin, Reisman, Kupferberg & Bernstein, LLP
112 Madison Avenue
New York, New York 10016
(212) 696-5500

Christina M. Rieker, Esq. (1566)

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of plaintiff Aboubacar Jalloh's motion for an Order pursuant to FRCP 56 granting summary judgment in his favor on the issue of liability and setting this matter down for a trial for an assessment of plaintiff's damages, together with such other relief as the Court may deem just and proper.

## QUESTION PRESENTED

Whether plaintiff is entitled to summary judgment on the issue of liability when defendant Thomas P. Wendel stated in his sworn testimony that he struck plaintiff's vehicle, while it was stopped at a red traffic light, because he admittedly took his eyes off of the road? It is respectfully submitted that the answer to this question is a resounding "Yes."

## STATEMENT OF MATERIAL FACTS

The material facts are set forth in the accompanying affirmation of Christina M. Rieker, Esq., the exhibits annexed thereto, and the Rule 56.1 Statement of Facts, to which the Court is respectfully referred, and which are incorporated herein by reference.

## RULE 56: STANDARD OF REVIEW

In the interest of brevity and judicial economy, your Affirmant respectfully refers to the "Standard of Review" portion of defendant, Thomas P. Wendel's Memorandum of Law in Support of Motion for Summary Judgment, which sets forth the Federal Rules of Civil Procedure Rule 56 standard for review of a summary judgment motion, as well as applicable, relevant caselaw.

## ARGUMENT

### POINT I

### PLAINTIFF IS ENTITLED TO SUMMARY JUDGMENT AS THERE ARE NO ISSUES OF FACT TO DISPROVE DEFENDANT'S NEGLIGENCE.

Mr. Wendel's failure to have his attention before him, maintain a safe distance between his vehicle and Mr. Jalloh's vehicle, and failure to maintain a proper lookout constitutes negligence as a matter of New York substantive law.[2] Aromando v. City of New York, 202 A.D.2d 617, 609 N.Y.S.2d 637 (2nd Dept. 1994); Rebecchi v. Whitmore 172 A.D.2d 600, 568 N.Y.S.2d 423 (2nd Dept. 1991). **While negligence cases do not generally lend themselves to resolution by a motion for summary judgment, such a motion should be granted where, as here, the facts clearly point to the negligence of one party without any culpable conduct by the other.** Morowitz v. Naughton, 150 A.D.2d 536, 541 N.Y.S.2d 122 (2nd Dept. 1989). Summary judgment should not be precluded where the facts as herein are undisputed and where as a matter of law, the conduct of the defendant is negligent. Young v. City of New York, 113 A.D.2d 833, 493 N.Y.S.2d 585 (2nd Dept 1985).

Where one party's role in the accident is so clear, and where the case is not one where competing inferences may be drawn, summary judgment should be granted. See Roman v. Vargas, 182 A.D.2d 542, 582 N.Y.S.2d 1020 (1st Dept. 1992); see also, Viegas v. Esposito, 135 A.D.2d 708, 522 N.Y.S.2d 608 (2nd Dept. 1987).

**It had long been held that a rear-end collision establishes a prima facie case of negligence on the part of the operator of the moving vehicle, and imposes a duty on the operator of the moving vehicle to explain how the accident occurred.** Gambino v. City of New

---

[2] New York's substantive law must be applied, as this case was transferred from New York's Supreme Court based upon

York, 205 A.D.2d 583, 613 N.Y.S.2d 417 (2nd Dept 1984); Edney v. Metropolitan Suburban Bus Authority, 178 A.D.2d 398, 577 N.Y.S.2d 102 (2nd Dept. 1991). If the operator of the moving vehicle cannot come forward with any evidence to rebut the inference of negligence, the driver of the struck vehicle may properly be awarded judgment on the issue of liability as a matter of law. Young, *supra* at 835 (2nd Dept 1985).

Defendant, Thomas P. Wendel, testified that he struck Mr. Jalloh's vehicle in the rear (See Exhibits "B" and "D"). Mr. Wendel testified that he took his eyes off the road and struck Mr. Jalloh's stopped vehicle in the rear. He testified that he was looking around at the scenery immediately before he rear-ended plaintiff's vehicle. There is no evidence of record to rebut this testimony and the totality of the evidence supports the finding that Mr. Wendel failed to have his attention before him and maintain a proper lookout while operating his vehicle. It is submitted that only one conclusion can be drawn from the facts in this case, that the defendant THOMAS P. WENDEL's sole negligent operation of his vehicle caused him to rear-end Mr. Jalloh's vehicle.

Based on the evidence herein, it is clear that this accident was caused by the defendant's negligence and that summary judgment on the issue of liability should be granted to the plaintiff herein.

---

diversity jurisdiction. *See* Ratner v. American Heritage Relocation, 2000 WL 1028679 (S.D.N.Y. 2000).

## POINT II

## THE EVIDENCE SUBMITTED BY DEFENDANT IS INSUFFICIENT TO WARRANT SUMMARY JUDGMENT ON THE ISSUE OF THRESHOLD

a. **Summary Judgment Case Law**

Where the proponent of the motion must make a prima facie showing of entitlement to summary judgment, the burden shifts to the party opposing the motion to demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action, or to tender an acceptable excuse for his failure to do so. Vermette v. Kenworth Truck Co., 68 N.Y.2d 714, 506 N.Y.S.2d 313 (N.Y. 1986). On a motion for summary judgment, the party opposing the relief is entitled to the benefit of every favorable inference that may be drawn from the pleadings, affidavits, and competing contentions of the parties. Myers v. Fir Cab Corp, 64 N.Y.2d 806, 486 N.Y.S.2d 922 (1985).

b. **Insufficiency of Defendant's Papers**

In Hubert v. Tripaldi, 307 A.D.2d 692, 763 N.Y.S.2d 165 (3rd Dept. 2003), the Court denied defendant's motion for summary judgment because defendant's expert report failed to discuss the diagnoses made by plaintiff's physicians or the course of treatment rendered by them. Nowhere in the report did defendant's expert discuss the significance of procedures performed, or address what impact, if any, they had on plaintiff, whether they were medically necessary or whether the conditions they were intended to correct were causally related to the subject accident. (*See also*, Caron v. Moore, 301 A.D.2d 942 (2003)). Because Dr. April failed to review plaintiff's medical records, his report does not establish *prima facie* the absence of "serious injury" in that it does not describe the significance of the objective findings.

Defendant claims that the medical record of Dr. Nelson and affirmation of Dr. April constitute a prima facie showing that Mr. Jalloh did not suffer a serious injury as a result of the August 7, 2006 accident. However, the unaffirmed, one page medical record of Dr. Nelson is inadmissible. The report from the one time independent medical examination of plaintiff, performed two years after the accident, by a neurologist, is insufficient alone to establish that Mr. Jalloh did not suffer a serious injury. Mr. Jalloh is claiming orthopedic injuries, not neurological injuries. As such, relying on the lacking report of a neurologist, who could only render an opinion as to Mr. Jalloh's neurological condition, defendant fails to meet his burden of establishing prima facie, a lack of serious injury as a result of the August 7, 2006 accident. *See* Pichardo v. Chesley, 92 Civ. 5422, 1994 WL 369281 (S.D.N.Y. 1994) ("On a motion for summary judgment for failure to meet the serious injury threshold, defendants bear the burden of presenting evidence, in admissible form, to warrant a finding as a matter of law that plaintiffs have not suffered a serious injury."). As such, the burden has not shifted to plaintiff to prove the existence of a serious injury.

## N.Y. INSURANCE LAW § 5102(d)

Among the categories in which an injury may qualify as a "serious injury" under Insurance Law §5102(d) are those that result in:

(6) permanent loss of use of a body organ, member, function or system;
(7) significant limitation of use of a body organ, member, function or system;
(8) permanent consequential limitation of use of a body function or system; or
a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment.

### a. Permanent consequential limitation of a use of a body organ or member and Significant Limitation of use of a body function or system.

The "significant limitation of use of a body function" does not require *permanence*, but

instead requires a fact finding on the issue of whether the dysfunction is important enough to reach the level of *significance*. Similarly, the "permanent loss of use of a body organ, member, function or system" does not involve in any fashion the element of *significance*, but only that of *permanence*. Bewry v. Colonial Freight Sys., Inc., No. 01 Civ. 5634, (S.D.N.Y. 2002).

In Nasrallah v. Helio De, No. 96 Civ. 8727 (S.D.N.Y. 1998), plaintiff's doctor concluded that plaintiff was suffering from a bulging lumbar disc and that plaintiff's range of motion was limited to 60% of normal in the lumbar region and 50% of normal in the cervical region. The doctor's opinion was based on an MRI and his own examination of plaintiff. Judge Sotomayor found that this evidence was sufficient to create a triable issue of fact concerning the degree of limitation.

*See also,* Lopez v. Senatore, 65 N.Y.2d 1017, 494 N.Y.S.2d 101, 484 N.E.2d 130 (1985) (physician's opinion that limitation of neck movement of 10% was significant precluded summary judgment for defendants); Amofa v. N.S.C. Leasing Corp., 247 A.D.2d 289, 668 N.Y.S.2d 460 (1st Dept. 1998) (25% loss of spinal range of motion significant); Zalduondo v. Lazowska, 234 A.D.2d 455, 651 N.Y.S.2d 117 (2d Dept. 1997) (physician's opinion that bulging cervical disc was significant sufficient to preclude summary judgment). *See also* Khouzam v. Zalesky, No. 93 Civ. 6360, 1996 WL 79882 (S.D.N.Y. 1996) ("Generally ... where medical records indicate specific measurements of limited movement, courts have found a triable issue as to whether there is a significant limitation.").

The claimed duration of plaintiff's lost range of motion also contributes to the significance of the claimed limitation. *See* Williams v. Elzy, No. 00 Civ. 5382, 2003 WL 22208349 (S.D.N.Y. 2003), where plaintiff offered a physician's declaration, where the doctor concludes, based on his examination and objective tests, that plaintiff suffered a 50% loss of range of motion in the cervical

region and a 40% loss of range of motion in the lumbar region for at least five months. Plaintiff's physician stopped treating her five months after the accident, but the court found that since plaintiff offered evidence which would establish a substantial loss of range of motion for a considerable period of time, she has offered sufficient evidence to give rise to a genuine issue of fact concerning whether she suffered a "significant limitation" sufficient to constitute a "serious injury."

In this case, Defendant's claim that the limitations of Mr. Jalloh's cervical spine range of motion are not severe enough to render him unable to perform his daily activities, is contrary to the case law cited above. Four days after the accident, Mr. Jalloh had a 55% loss in lumbar flexion and a 40% loss in lateral lumbar flexion. Three months after the accident, an examination of Mr. Jalloh had a decrease in cervical lateral rotation to 60 degrees bilaterally (a 75% loss), and cervical lateral flexion to 20 degrees bilaterally (a 45% loss). Mr. Jalloh's most recent orthopedic examination revealed a 96% loss in cervical spine flexion; 100% loss in cervical extension; and 100% loss in right and left lateral bends. There was also a 97% loss in lumbar flexion; 100% loss in lumbar extension; and 100% loss in lumbar bilateral bends. These findings indicates that Mr. Jalloh's condition, as opined by orthopod Dr. McMahon, is worsening with time, and the case law supports a finding of significant and permanent limitations, precluding summary judgment to defendant.

The extent of this limitation is clearly not "minor or mild" and is well within the range of movement limitations found by many New York Courts to satisfy the definition of significance. For example, in Grullon v. Chu, 240 A.D.2d 367, 657 N.Y.S.2d 776 (2d Dep't 1997), the Appellate Division held that a physician's affidavit "conclud[ing], based upon his examinations of the plaintiff and a review of her medical records, that she had restricted motion of her lumbosacral spine of 35 to 40 degrees and that such limitation was significant and permanent ... was sufficient to establish prima facie that the plaintiff suffered a serious injury." Id. at 776.

region and a 40% loss of range of motion in the lumbar region for at least five months. Plaintiff's physician stopped treating her five months after the accident, but the court found that since plaintiff offered evidence which would establish a substantial loss of range of motion for a considerable period of time, she has offered sufficient evidence to give rise to a genuine issue of fact concerning whether she suffered a "significant limitation" sufficient to constitute a "serious injury."

In this case, Defendant's claim that the limitations of Mr. Jalloh's cervical spine range of motion are not severe enough to render him unable to perform his daily activities, is contrary to the case law cited above. Four days after the accident, Mr. Jalloh had a 55% loss in lumbar flexion and a 40% loss in lateral lumbar flexion. Three months after the accident, an examination of Mr. Jalloh had a decrease in cervical lateral rotation to 60 degrees bilaterally (a 75% loss), and cervical lateral flexion to 20 degrees bilaterally (a 45% loss). Mr. Jalloh's most recent orthopedic examination revealed a 96% loss in cervical spine flexion; 100% loss in cervical extension; and 100% loss in right and left lateral bends. There was also a 97% loss in lumbar flexion; 100% loss in lumbar extension; and 100% loss in lumbar bilateral bends. These findings indicates that Mr. Jalloh's condition, as opined by orthopod Dr. McMahon, is worsening with time, and the case law supports a finding of significant and permanent limitations, precluding summary judgment to defendant.

The extent of this limitation is clearly not "minor or mild" and is well within the range of movement limitations found by many New York Courts to satisfy the definition of significance. For example, in Grullon v. Chu, 240 A.D.2d 367, 657 N.Y.S.2d 776 (2d Dep't 1997), the Appellate Division held that a physician's affidavit "conclud[ing], based upon his examinations of the plaintiff and a review of her medical records, that she had restricted motion of her lumbosacral spine of 35 to 40 degrees and that such limitation was significant and permanent ... was sufficient to establish prima facie that the plaintiff suffered a serious injury." Id. at 776.

### (1) Significance of Plaintiff's Physician's Findings

Evidence of range of motion limitations is sufficient to defeat judgment (*See*, Toure v. Avis Rent A Car Systems, 98 N.Y.2d 345, 350 (2002). Further, MRI reports and films constitute objective medical evidentiary proof. Moreno v. Elrac, Inc., 6 Misc.3d 1039(A), 800 N.Y.S.2d 350 (N.Y. City Civ. Ct. 2005). It is well settled that proof of a herniated or bulging disc, by itself, is insufficient to establish a serious injury. However, once a herniated disc has been established by objective medical evidence, such as an MRI, CT scan or X-ray, "an expert's designation of a numeric percentage of a plaintiff's loss of range of motion can be used to substantiate a claim of serious injury." (*See* Toure, *supra*, (2002)).

### b. Defendant's accusation that plaintiff did not sustain a serious injury which prevented him from performing substantially all of his daily activities for no less than 90 of the first 180 days after the accident is not based on admissible evidence.

With respect to the 90/180-day serious injury category, defendant has failed to meet his initial burden of proof and, therefore, has not shifted the burden to plaintiff to lay bare his evidence with respect to this claim. The IME report relied upon by defendant fails to discuss the 90/180-day serious injury category based upon objective evidence and, further, the IME took place well beyond the expiration of the 180-day period (*See* Tornatore v. Haggerty, 307 A.D.2d 522, 763 N.Y.S.2d 344 (2003); Calafiore v. Kiley, 303 A.D.2d 816, 756 N.Y.S.2d 348 (2003)). Defendant provides no admissible evidence to support his opinion that Mr. Jalloh was able to perform his daily activities for 90 days following the accident, and is therefore not entitled to summary judgment with respect to this category of serious injury.

The medical report of Dr. Nelson, annexed to defendant's motion papers as Exhibit "D" is unaffirmed and is therefore inadmissible. In Walker v. Village of Ossining, 18 A.D.3d 867, 796 N.Y.S.2d 658 (2nd Dept. 2005) the Appellate Division Second Department held that defendant

failed to make a prima facie showing that plaintiff did not sustain a serious injury within the meaning of Insurance Law 5102(d). Two of the medical reports submitted by defendants were inadmissible because one was unaffirmed and the other was not in affidavit form.

"An attorney's affidavit and an unsworn medical report standing alone are not evidentiary proof admissible in form to substantiate a claim that serious injury did *not* occur." Counihan v. Azadeh, No. 90 Civ. 3876, 1992 WL 47975 (S.D.N.Y. 1992). Thus, defendant has not met his burden of proving *prima facie* the lack of a serious injury.

Even if this Court does determine that the burden has shifted to plaintiff, plaintiff has presented sufficient evidence to show that Mr. Jalloh suffered an injury that prevented him from performing substantially all of the material acts which constitute the usual and customary daily activities for at least 90 days of 180 days immediately following the accident.

Mr. Jalloh attempted to return to work as a taxi driver, but was only able to work on a few occasions due to his condition. He is not currently working. Mr. Jalloh's back pain makes it very difficult for him to kneel to pray, which he used to do five times per day. The back pain distracts him, which has negatively impacted his daily prayer ritual. It is clear that Mr. Jalloh's injuries and condition as a result of the August 6, 2006 accident, prevented him from performing substantially all of his usual and customary activities for the first 90 out of 180 days after the accident, and in fact, continues to affect his daily life to a substantial degree.

c. **Battle of the Experts**

There is clearly disagreement among the parties' medical experts and the treating physicians regarding the existence, nature, and scope of the plaintiff's injuries. Thus, there are plainly issues of fact that can only be decided at trial. See Rosas v. Hertz Corp., No. 965 Civ. 7165, 1997 WL 736723 (S.D.N.Y. 1997) (issues of fact existed with respect to whether the plaintiff suffered a

serious injury where the plaintiff's doctor submitted an affirmation that contradicted the report of the defendant's expert); Cassagnol v. Williamsburg Plaza Taxi Inc., 234 A.D.2d 208, 651 N.Y.S.2d 518 (1st Dept. 1996) (summary judgment is inappropriate where conflicting affidavits raise factual issues regarding the extent of a plaintiff's injury). Accordingly, because there are issues of fact with respect to whether the plaintiff has suffered a "serious injury" as defined by N.Y. Insurance Law 5102(d), the defendant's motion for summary judgment must be denied. (See Jackson v. Greyhound Lines, Inc., No. 96 Civ. 7431, 1998 WL 355423 (S.D.N.Y. 1998)).

### d. Recent Court of Appeals Decision

The Court of Appeals in Pommells v. Perez, 797 N.Y.3d 566, 797 N.Y.S.2d 380 (2005) states "a plaintiff need not incur the additional expense of consultation, treatment or therapy, merely to establish the seriousness or causal relation of his injury." The plaintiff and/or doctor must offer an explanation as to the cessation in treatment. Mr. Jalloh stated that, after participating in the prescribed four-month physical therapy program, three times per week, his pain did not go away. He felt it was not helping him to completely get better (See **Exhibit "F"**).

"A delay in examining goes to the weight, not the admissibility, of the evidence and is properly for a jury." Brown v. Achy, 9 A.D.2d 30, 776 N.Y.S.2d 56 (1st Dept. 2004). "It does not resolve or eliminate the disputed factual issue as to whether plaintiff did or did not sustain a "serious injury" within the meaning of the No-Fault Law." Cruz v. Castanos, 10 A.D.3d 277, 781 N.Y.S.2d 23 (1st Dept. 2004). This Court should not deviate from those cases. It is well settled that the court's mission on a summary judgment motion is issue finding not issue determination. Sillman v. Twentieth Century-Fox Film Corp. 3. N.Y.2d 395, 165 N.Y.S.2d 498 (N.Y. 1957). To find differently at this juncture would invade the jury's province.

## **CONCLUSION**

An Order should be issued, pursuant to FRCP 56 and New York Insurance Law §5102, granting plaintiff's cross-motion for summary judgment on the issue of liability and denying defendant's motion for summary judgment, together with such other relief as the Court may deem just and proper.

Dated: New York, New York
June 3, 2008

_____
CHRISTINA M. RIEKER, ESQ. (1566)

Index No. 07 Civ. 4091(NRB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABOUBACAR JALLOH,

                                    Plaintiff,

  -against-

THOMAS P. WENDEL,

                                    Defendant.

---

**MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF THRESHOLD**

---

**Budin, Reisman, Kupferberg & Bernstein, LLP**
Attorneys for Plaintiff
112 Madison Avenue
New York, New York 10016
212-696-5500