UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index No.: 07 Civ. 4091 (NRB)

ABOUBACAR JALLOH,

ECF CASE

Plaintiff,

**REPLY AFFIDAVIT IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**
**AND IN OPPOSITION TO PLAINTIFF'S**
**CROSS-MOTION**

-against-

THOMAS P. WENDEL,

Defendant.

**Hon. Judge Naomi R. Buchwald**

STATE OF NEW YORK    )
                                         )ss.:
COUNTY OF NEW YORK   )

    **MARK A. SOLOMON**, being duly sworn, deposes and states:

    1.    I am an attorney duly admitted to practice before this Court. I am an attorney with the LAW OFFICES OF HARVEY & VANDAMME, attorneys for defendant THOMAS P. WENDEL in the above captioned matter. I am familiar with the pleadings and proceedings in this matter, and I make this reply affidavit in further support of defendant's motion for an Order pursuant to FRCP 56 and N.Y. Insurance Law 5102 granting summary judgment in his favor dismissing the complaint and any and all claims asserted against him, in opposition to plaintiff's cross-motion, together with such other relief as the Court may deem just and proper.

    2.    Pursuant to F.R.C.P. 37(c)(1), if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial. Plaintiff has failed to make timely and complete disclosure of any expert witness, in particular Mark S. McMahon, M.D., Alan Greenfield, M.D. and Dina Nelson, M.D. Defendant has been prejudiced as a result of plaintiff's inexcusable failure to comply with his discovery obligations, because defendant has been deprived of the opportunity to depose plaintiff's experts prior to trial, and because

defendant's expert, Dr. April, was deprived of the opportunity to review and comment upon Dr. McMahon's examination and report. Plaintiff has failed to oppose defendant's motion with proof in proper evidentiary form, and has failed to meet his initial burden upon his cross-motion to present his proofs in proper evidentiary form.

3.    Indeed, plaintiff's counsel has conceded that the disclosure of Dr. McMahon was untimely, but attempts to excuse this glaring omission by proffering Dr. McMahon as a rebuttal witness only (see **exhibit "A"** attached hereto). As such, Dr. McMahon's affirmation may not be used by plaintiff in support of his prima facie case, or in support of his cross-motion for summary judgment on the issue of liability. At best, the affirmation could only serve to oppose defendant's motion for summary judgment. However, because plaintiff's untimely disclosure violates F.R.C.P. 26 and 37 it is of no evidentiary value whatsoever.

4.    In contrast, plaintiff's cross-motion raises no objection to the completeness and timeliness of defendant's expert disclosure of Dr. April.

5.    Similarly, plaintiff's counsel's bald assertions concerning: a) the thoroughness of Dr. April's examination, b) the nature of plaintiff's injuries, c) Dr. Nelson's specialty in "pain management," and d) the irrelevant request for permission to subpoena Dr. April to testify in plaintiff's case in chief, in her affirmation dated June 3, 2008 are all of devoid of any evidentiary value see Zuckerman v. City of New York, 49 NY2d 557 (1980).

6.    Dr. April's duly exchanged and affirmed report speaks for itself with respect to its comprehensiveness, the thoroughness of his examination, and the nature of plaintiff's injuries. In her affirmation dated May 20, 2008, Dr. Nelson does not identify herself as a pain management specialist.

7.    In her affirmation dated May 20, 2008, Dr. Nelson does not dispute the authenticity of her signed November 2, 2006 report submitted in support of defendant's motion, or that on November 2, 2006, less than ninety days immediately following the subject motor vehicle accident, Dr. Nelson recorded that plaintiff was "feeling improved with less neck pain and less low back pain. He tolerates sitting. He is working eight hours a day as a taxi driver."

8.    Dr. Nelson's affirmation at ¶12 contains a stunning deletion of the sentence: " This [complaints of cramping in his calf with severe sharp burning pain] could be evidence of intermittent self claudication." Intermittent claudication is defined as " a complex of symptoms characterized by absence of pain or discomfort in a limb when at rest, the commencement of pain, tension, and weakness, after walking is begun, intensification of the conditions until walking becomes impossible, and the disappearance of the symptoms after a period of rest. The condition is seen in occlusive arterial diseases of the limbs. . . and in compression of the *cauda equina*." *(see Dorland's Illustrated Medical Dictionary, 26*[th] *Ed., p. 276.)* By striking this sentence, Dr. Nelson substantially alters a material opinion at ¶13 regarding the causal connection between plaintiff's "injuries as described above and the accident of August 6, 2006." By striking this one sentence, Dr. Nelson asserts for the first time a causal connection between the motor vehicle accident and plaintiff's complaints of cramping in his calf with severe sharp burning pain.

9.    As a result of striking this sentence, Dr. Nelson's affirmation dated May 20, 2008 plainly contradicts her own record dated November 2, 2006, when she diagnosed plaintiff's complaints of cramping in his calf with severe sharp burning pain as "possible intermittent self-claudication," and noted that those complaints pre-dated the motor vehicle accident (see Exhibit D of defendant's motion).

10.    Dr. Nelson's statements concerning her review of unsworn, undated and unauthenticated MRI and x-rays constitute hearsay, and which violate the best evidence rule, and they may not be considered on a motion for summary judgment. See Byam v. Waltuch, 2008 NY Slip Op 3576; 2008 N.Y. App. Div. LEXIS 3471 (2nd Dep't 2008)(affirmation of the plaintiff's physician without probative value because physician relied on unsworn reports of others) .

11.    Plaintiff's treating physician, Dr. Nelson and plaintiff's examining physician Dr. McMahon failed to challenge the thoroughness of Dr. April's examination, the comprehensiveness of his examination, or address the findings of Dr. April, who found no objective findings, limitation, or disability and no diagnosis that was caused by the subject accident. This failure renders their opinions concerning plaintiff's injuries and limitations resulting from the subject accident speculative. Byam v. Waltuch, 2008 NY Slip Op 3576; 2008 N.Y. App. Div. LEXIS 3471 (2nd Dep't 2008).

12.    The magnetic resonance imaging reports, which Dr. Greenfield fails to authenticate in his affirmation dated May 20, 2008, even if considered by this Court, merely reflect that as of August 16, 2006, the plaintiff showed evidence of herniated discs at C3-C4 and C5-C6. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (see Mejia v. De Rose, 35 AD3d 407, 825 N.Y.S.2d 722; Yakubov v. CG Trans. Corp., 30 AD3d 509, 817 N.Y.S.2d 353; Cerisier v. Thibiu, 29 AD3d 507, 815 N.Y.S.2d 140; Bravo v. Rehman, 28 AD3d 694, 814 N.Y.S.2d 225; Kearse v. New York City Tr. Auth., 16 AD3d 45, 789 N.Y.S.2d 281; Diaz v. Turner, 306 AD2d 241, 761 N.Y.S.2d 93). Moreover, Dr. Greenfield did not opine as to the cause of the injuries he identified (see Collins v. Stone, 8 AD3d 321, 322, 778 N.Y.S.2d 79).

13.    In her affirmation dated May 20, 2008, Dr. Nelson states that plaintiff received physical therapy consisting of hot and cold packs, massages, and electrical stimulation until December 7, 2006. Dr. McMahon reportedly examined plaintiff on May 14, 2008. There is an unexplained cessation of treatment after four months, and Dr. McMahon saw plaintiff for the first time more than one year and five months after his last treatment. Neither plaintiff nor his examining physician offer a reasonable explanation for terminating therapy. Directly on point is Pommells v. Perez, 4 N.Y.3d 566, 830 N.E.2d 278, 797 N.Y.S.2d 380 (2005):

> In the present case, the so-called gap in treatment was, in reality, a cessation of all treatment. Plaintiff ended his physical therapy six months after the accident and sought no other treatment until years later, when he visited Dr. Rose in connection with this case. While a cessation of treatment is not dispositive--the law surely does not require a record of needless treatment in order to survive summary judgment--a plaintiff who terminates therapeutic measures following the accident, while claiming "serious injury," must offer some reasonable explanation for having done so. Here, plaintiff provided no explanation whatever as to why he failed to pursue any treatment for his injuries after the initial six-month period, nor did his doctors (see Franchini v Palmieri, 1 N.Y.3d 536, 807 N.E.2d 282, 775 N.Y.S.2d 232 [2003]).

See also Soto v. Koysor, 2008 NY Slip Op 3686, ___A.D.3rd ___, 854 N.Y.S.2d 892 (1st Dep't 2008).

14.    Plaintiff's explanation in his affidavit dated May 28, 2008, ¶6, that he stopped going to physical therapy after four months because his pain did not go away, is not only unreasonable, but flatly contradicted by his own treating physician, Dr. Nelson, who recorded on November 2, 2006 that plaintiff was feeling improved with less neck pain and less low back pain.

15.    Plaintiff's affidavit dated May 28, 2008 purports to amplify the limitations plaintiff alleges he suffers as a result of the accident. Since the affidavit contradicts his deposition testimony of February 8, 2008 in which he testified that his only limitations were

kneeling and walking straight, it must be rejected as a mere attempt to create a feigned issue of

fact. See MacKinney v. Burger King Corp., 2006 U.S. Dist. LEXIS 87515:

> At his deposition, Plaintiff testified that the floor "appeared to be wet" but that the
> paper on the floor was its natural color. MacKinney Dep. at 29 -31. He further
> testified that he did not take any particular precautions because of what he
> observed before the accident. Id. at 30. In opposition to the motion for summary
> judgment, Plaintiff submits an affidavit claiming "there was a puddle spanning
> about one third of the room or twelve to eighteen square feet." This
> embellishment and at least partially, if not totally, contradictory statement, made
> in an attempt to raise a feigned factual issue and designed to avoid the
> consequences of plaintiff's earlier testimony, need not be considered. See Brown
> v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001) ("factual allegations that might
> otherwise defeat a motion for summary judgment will not be permitted to do so
> when they are raised for the first time in plaintiff's affidavit opposing summary
> judgment and that affidavit contradicts [plaintiff's] own deposition testimony.")
> (internal citations and quotations omitted). Accord Nieves v. ISS Cleaning Servs.
> Group, Inc., 284 A.D.2d 441, 442, 726 N.Y.S.2d 456 (2d Dept. 2001); Gantt v.
> County of Nassau, 234 A.D.2d 338, 651 N.Y.S.2d 541 (2d Dept. 1996).

See also Amaya v. Denihan Ownership Co., LLC, 30 A.D.3d 327,818 N.Y.S.2d 199 (1st Dep't

2006)(plaintiff's affidavit tailored to dovetail with expert's affidavit and avoid thrust of

deposition testimony; party's affidavit that contradicts prior sworn testimony creates only a

feigned issue of fact, and is insufficient to defeat summary judgment)

   16. Defendant concedes that there is no issue with respect to his *negligence* in

striking the rear of plaintiff's vehicle. However, plaintiff seeks summary judgment on the issue

of *liability*, which requires plaintiff to establish as a matter of law that plaintiff sustained a

*"serious injury"* pursuant to N.Y. Insurance Law 5102. See Star v. Badillo, 225 A.D.2d 610, 638

N.Y.S.2d 791 (2nd Dep't 1996):

> the plaintiff could not establish a right of recovery without establishing serious
> injury *(see,* Insurance Law § 5104; *Thrall v City of Syracuse,* 96 AD2d 715, *revd
> on dissenting opn below* 60 NY2d 950; *Kreuzer v Gordon Co.,* 138 AD2d 268,
> 269). Thus, the court was permitted to search the record and grant the defendants

summary judgment without the necessity of a cross motion *(see,* CPLR 3212 [b]). Upon searching the record, the court properly granted the defendants summary judgment and dismissed the complaint. The evidence submitted by the defendants was sufficient to establish that the plaintiff did not suffer serious injury *(see, Rhind v Naylor,* 187 AD2d 498; *Forte v Vaccaro,* 175 AD2d 153).

17.    For all of the reasons set forth in defendant's moving papers, defendant has established as a matter of law that plaintiff has not sustained a sustained a *"serious injury"* pursuant to N.Y. Insurance Law 5102. Therefore, defendant is entitled to summary judgment in his favor.

18.    Should the Court decline to grant defendant's motion, then plaintiff's cross-motion must also be denied, because, for all of the reasons set forth in defendant's moving papers, defendant has submitted sufficient proof in proper evidentiary form to create a question of material fact that plaintiff has not sustained a sustained a *"serious injury"* pursuant to N.Y. Insurance Law 5102.

**WHEREFORE,** it is respectfully requested that the Court issue an Order pursuant to FRCP 56 and N.Y. Insurance Law 5102 granting summary judgment in favor of defendant dismissing the complaint and any and all claims asserted against him, denying plaintiff's cross-motion in its entirety, together with such other relief as the Court may deem just and proper.

Dated: New York, New York
       June 11, 2008

                                        MARK A. SOLOMON (2613)

Sworn to before me this
11th day of June, 2008.

Notary Public

LAURA E. ...
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01RU6118288
QUALIFIED IN NEW YORK COUNTY
CERTIFICATE FILED IN NEW YORK COUNTY
COMMISSION EXPIRES NOVEMBER 6TH, ...

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                                            ss.:
COUNTY OF NEW YORK  )


    **ROBERTTA GRAHAM**, being duly sworn, deposes and says:  that deponent is not a party to this action is over 18 years of age and resides in Bronx, New York.

    That on the **11ᵗʰ day of June 2008**, deponent served the within **REPLY AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION** upon:

TO:    BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP
       Attorneys for Plaintiff
       ABOUBACAR JALLOH
       112 Madison Avenue
       New York, New York 10016
       (212) 696-5500

at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in the official depository under the exclusive care and custody of the United States Post Office with the State of New York.

                                  **ROBERTTA GRAHAM**

Sworn to before me this
11ᵗʰ day of June, 2008

       Notary Public

LAURA E. RUBINICH - Martinez
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01RU6118288
QUALIFIED IN NEW YORK COUNTY
CERTIFICATE FILED IN NEW YORK COUNTY
COMMISSION EXPIRES NOVEMBER 8TH, 20__

# EXHIBIT "A

LAW OFFICES OF

*Budin, Reisman, Kupferberg & Bernstein, LLP*

MARVIN REISMAN
JAY BUDIN
HARLAN S. BUDIN
ALICE KUPFERBERG
ADAM S. BERNSTEIN
PAUL D. BUDIN *
ROBERT L. BUDIN (1953-1982)
*Retired

(212) 696-5500
Fax (212) 889-3978
112 MADISON AVENUE
NEW YORK, N.Y. 10016-7416

GERARD A. CONNOLLY, JR.
RALPH GAVIN BELL
CHRISTINA M. RIEKER·
·Admitted in NY and NJ

JANICE COOK
ADMINISTRATOR

June 2, 2008

Chambers of the Honorable Naomi Reice Buchwald, USDJ
United States Courthouse
500 Pearl Street – Room 2270
New York, NY 10007

                        Re: Jalloh v. Wendel
                        Docket No. 07 Civ. 4091/(NRB)
                        Our File No. Y8236

Honorable Madam:

This office represents the plaintiff, Aboubacar Jalloh in the above-referenced matter. This letter is in response to defense counselor, Mark Solomon's letter requesting preclusion of plaintiff's expert from introducing medical evidence at trial or in opposition to defendant's threshold motion.

Your Honor may recall that, due to defendant's failure to comply with Your Honor's discovery schedule and failure to show up prepared to settle this matter at the May 9, 2008 settlement conference, an expedited trial date was set down for June 10, 2008. At that time, neither party had exchanged their expert witness information, and this office quickly and efficiently had our client evaluated by a medical expert on May 14, 2008. The report from same was exchanged on May 27, 2008. Plaintiff has worked expeditiously to meet this Court's deadlines, to the best of our abilities, wherein defendant has offered no reasonable excuse for his delay in conducting IMEs and exchanging expert reports over 45 days after the examinations were held.

Plaintiff should not now be prejudiced by preclusion when defense counsel is guilty of untimely disclosure and non-compliance to a much more extensive and severe degree than plaintiff had ever been. Plaintiff received defendant's Rule 26 disclosure as an exhibit annexed to his motion papers on May 19, 2008, less than 90 days before the trial date of August 11, 2008.[1]

---

[1] FRCP Rule 26 requires expert disclosures to be exchanged (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

Page 2
June 2, 2008

Defendant's accusation that the time for plaintiff's expert disclosure was 'blithely ignored' by plaintiff is appalling when defendant himself failed to comply with Rule 26 of the FRCP and more importantly, failed to comply with Your Honor's discovery schedule, in failing to notice plaintiff to appear for independent medical examinations until well after the March 14, 2008 deadline. IMEs were held on April 2, 2008 and April 14, 2008. The delay was due to no fault of plaintiff. Defendant only recently served its expert disclosure on May 19, 2008, as an exhibit to its motion for summary judgment. In fact, defendant has wasted this court's time in insisting on conducting an orthopedic medical examination, and then choosing not to disclose any expert orthopedist.

It is ironic that defendant claims prejudice by the 'untimely disclosure' because his experts have been deprived of the opportunity to review and comment on the expert's report. By allowing defendant to file its motion to dismiss on threshold, within which defendant's expert exchange was marked as an exhibit, plaintiff was forced to oppose said motion with an expert report of his own, and thus would be severely prejudiced by being precluded in relying upon Dr. McMahon's report.

For the reasons stated above, plaintiff requests that defendant's request for preclusion be denied, as well as his request for a pre-motion conference. Plaintiff is ready to submit its opposition papers to defendant's summary judgment motion and then proceed to trial thereafter.

Thank you for your courtesy and consideration in this matter.

Respectfully submitted,
Budin, Reisman, Kupferberg & Bernstein, LLP

*Christina M. Rieker*

CHRISTINA M. RIEKER

cc: Mark A. Solomon, Esq.
Law Offices of Harvey & Vandamme
90 Broad Street
Suite 2202
New York, NY 10004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ABOUBACAR JALLOH,

                Plaintiff,

-against-

THOMAS P. WENDEL,

                Defendant.

Index No.:  07 Civ. 4091 (NRB)

ECF CASE

**Hon. Judge Naomi R. Buchwald**

## REPLY AFFIDAVIT IN SUPPORT OFMOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION

**LAW OFFICES OF HARVEY & VANDAMME**
Attorneys for Defendant
THOMAS P. WENDEL
90 Broad Street – Suite 2202
New York, New York 10004
(646) 428-2650