# EXHIBIT "A"

LAW OFFICES OF

*Budin, Reisman, Kupferberg & Bernstein, LLP*

MARVIN REISMAN
JAY BUDIN
HARLAN S. BUDIN
ALICE KUPFERBERG
ADAM S. BERNSTEIN
PAUL D. BUDIN *
ROBERT L. BUDIN (1953-1982)
*Retired

(212) 696-5500
Fax (212) 889-3978
112 MADISON AVENUE
NEW YORK, N.Y. 10016-7416

GERARD A. CONNOLLY, JR.
RALPH GAVIN BELL
CHRISTINA M. RIEKER^
^Admitted in NY and NJ

JANICE COOK
ADMINISTRATOR

June 2, 2008

Chambers of the Honorable Naomi Reice Buchwald, USDJ
United States Courthouse
500 Pearl Street – Room 2270
New York, NY 10007

          Re: Jalloh v. Wendel
          Docket No. 07 Civ. 4091(NRB)
          <u>Our File No. Y8236</u>

Honorable Madam:

     This office represents the plaintiff, Aboubacar Jalloh in the above-referenced matter. This letter is in response to defense counselor, Mark Solomon's letter requesting preclusion of plaintiff's expert from introducing medical evidence at trial or in opposition to defendant's threshold motion.

     Your Honor may recall that, due to defendant's failure to comply with Your Honor's discovery schedule and failure to show up prepared to settle this matter at the May 9, 2008 settlement conference, an expedited trial date was set down for June 10, 2008. At that time, neither party had exchanged their expert witness information, and this office quickly and efficiently had our client evaluated by a medical expert on May 14, 2008. The report from same was exchanged on May 27, 2008. Plaintiff has worked expeditiously to meet this Court's deadlines, to the best of our abilities, wherein defendant has offered no reasonable excuse for his delay in conducting IMEs and exchanging expert reports over 45 days after the examinations were held.

     Plaintiff should not now be prejudiced by preclusion when defense counsel is guilty of untimely disclosure and non-compliance to a much more extensive and severe degree than plaintiff had ever been. Plaintiff received defendant's Rule 26 disclosure as an exhibit annexed to his motion papers on May 19, 2008, less than 90 days before the trial date of August 11, 2008.[1]

---

[1] FRCP Rule 26 requires expert disclosures to be exchanged (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

Page 2
June 2, 2008

    Defendant's accusation that the time for plaintiff's expert disclosure was 'blithely ignored' by plaintiff is appalling when defendant himself failed to comply with Rule 26 of the FRCP and more importantly, failed to comply with Your Honor's discovery schedule, in failing to notice plaintiff to appear for independent medical examinations until well after the March 14, 2008 deadline. IMEs were held on April 2, 2008 and April 14, 2008. The delay was due to no fault of plaintiff. Defendant only recently served its expert disclosure on May 19, 2008, as an exhibit to its motion for summary judgment. In fact, defendant has wasted this court's time in insisting on conducting an orthopedic medical examination, and then choosing not to disclose any expert orthopedist.

    It is ironic that defendant claims prejudice by the 'untimely disclosure' because his experts have been deprived of the opportunity to review and comment on the expert's report. By allowing defendant to file its motion to dismiss on threshold, within which defendant's expert exchange was marked as an exhibit, plaintiff was forced to oppose said motion with an expert report of his own, and thus would be severely prejudiced by being precluded in relying upon Dr. McMahon's report.

    For the reasons stated above, plaintiff requests that defendant's request for preclusion be denied, as well as his request for a pre-motion conference. Plaintiff is ready to submit its opposition papers to defendant's summary judgment motion and then proceed to trial thereafter.

Thank you for your courtesy and consideration in this matter.

Respectfully submitted,
Budin, Reisman, Kupferberg & Bernstein, LLP

CHRISTINA M. RIEKER

cc: Mark A. Solomon, Esq.
    Law Offices of Harvey & Vandamme
    90 Broad Street
    Suite 2202
    New York, NY 10004