USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/14/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ABOUBACAR JALLOH,

              Plaintiff,

    - against -

THOMAS P. WENDEL,

             Defendant.
----------------------------------------X

MEMORANDUM and ORDER

07 Civ. 4091 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

      This diversity action arises from an automobile accident in which the plaintiff, Aboubacar Jalloh, who was driving in his taxi, was struck from behind by a vehicle driven by the defendant, Thomas Wendel. Plaintiff claims that, as a result of the accident, he sustained injuries to his back and spine that have rendered him unable to work and function as before the accident. Defendant moved for summary judgment under Fed. R. Civ. P. 56 and New York Insurance Law § 5104(a) on the issue of whether plaintiff suffered a "serious injury" sufficient to support plaintiff's personal injury claim. In addition to opposing defendant's motion, plaintiff cross-moved for summary judgment on the issue of defendant's liability.[1] Because defendant concedes that he was negligent, we grant plaintiff's

---

[1] To the extent plaintiff has moved for summary judgment on the question of "serious injury," we deny such motion based on the evidence defendant has submitted. See infra n. 4.

1

cross-motion on this issue.[2]  See Reply Aff. of Mark A. Solomon in Supp. of Mot. for Summ. J. and in Opp. to Pl.'s Cross-Mot. for Summ. J. ¶ 16.  For the reasons set forth below, we deny defendant's motion for summary judgment on the remaining issue of whether plaintiff suffered a serious injury under the New York Insurance Law.

## DISCUSSION

### I.   Summary Judgment Standard and the New York Insurance Law

Summary judgment is required when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party has the initial burden of showing the absence of a genuine issue of material fact.  See Goodrich v. Betkoski, 99 F.3d 505, 521 (2d Cir. 1996).  Once the movant satisfies its initial burden, the nonmoving party must identify "specific facts showing that there is a genuine issue for

---

[2] Defendant objected to plaintiff's use of the term "liability" to denote negligence in causing the accident but New York courts use "liability" and "negligence" interchangeably when discussing this issue.  Compare Cruz v. Gustitos, 51 A.D.3d 963, 858 N.Y.S.2d 791, 792 (2d Dep't 2008)("The defendants conceded their liability and the matter proceeded to trial on the issue of [whether plaintiff suffered a serious injury].") with Alcombrack v. Swarts, 49 A.D.3d 1170, 856 N.Y.S.2d 357, 359 (4th Dep't 2008)("Defendant conceded his negligence in causing the collision inasmuch as he drove through a stop sign, but he cross-moved for summary judgment dismissing the complaint on the ground that decedent had not sustained a serious injury.").  In any event, there is no dispute that the "serious injury" question -- which is an issue of damages -- will be the sole subject of the trial.

trial." Fed. R. Civ. P. 56(e); see Wright v. Coughlin, 132 F.3d 133, 137 (2d Cir. 1998); Goodrich, 99 F.3d at 521.

On a motion for summary judgment regarding the issue of "serious injury," if the defendant can establish that plaintiff's injuries were not serious, the burden shifts to plaintiff to present admissible evidence in the form of sworn affidavits by physicians. See Morrone v. McJunkin, 98 Civ. 2163 (DLC), 1998 WL 8722419, at *2 (S.D.N.Y. Dec. 15, 1998). The Court's role is to determine, as a matter of law, "whether a plaintiff has made a prima facie showing of serious injury . . . ." Pichardo v. Chesley, No. 92 Civ. 5422 (KMW), 1994 WL 369281, at * 1 (S.D.N.Y. July 12, 1994). In assessing the parties' competing claims, we resolve any factual ambiguities in favor of the nonmovant. See Wright, 132 F.3d at 137-38.

**II.  "Serious Injury" Under the New York Insurance Law**

The statutory framework for the instant motion has been ably explained by then District Judge Sotomayor in Nasrallah v. Helio De, No. 96 Civ. 8727 (SS), 1998 WL 152568 (S.D.N.Y. Apr. 2, 1998):

> As a federal court sitting in diversity, the Court applies the substantive law -- in this case, the tort law -- of New York. See McCarthy v. Olin Corp., 119 F.3d 148, 153 (2d Cir. 1997). New York long ago modified its automobile accident tort law by instituting a "no-fault" insurance scheme, whereby owners of motor vehicles are required to carry insurance, and this

3

> insurance pays benefits to parties injured as a result of an automobile accident without determination of fault. In exchange for a relatively certain and swift payment of medical bills and other basic economic loss, the system denies injured parties the right to sue in tort for noneconomic damages unless they can establish that they suffered "serious injury" as defined by statute. See N.Y. Ins. Law § 5104(a).
>
> \* \* \*
>
> By limiting tort suits only to those cases involving serious injury, New York hoped to "'significantly reduce the number of automobile personal injury accident cases litigated in the courts, and thereby help contain the no-fault premium.'" Lopez v. Senatore, 65 N.Y.2d 1017, 1020, 494 N.Y.S.2d 101, 102, 484 N.E.2d 130 (1985)(quoting Licari v. Elliott, 57 N.Y.2d 230, 236, 455 N.Y.S.2d 570, 573, 441 N.E.2d 1088 (1982)).
>
> "Serious injury" under the No-Fault Act has a definite, objective meaning. See [Licari]. As such, it is a question of law for the court whether a given injury, if proven, is "serious" within the meaning of the Act. On this summary judgment motion, therefore, the question for the Court is whether the plaintiffs have produced evidence sufficient to enable a rational factfinder to find that [a plaintiff] suffered an injury that is "serious" . . . .

Id. at *3-4. Among the injuries that qualify as "serious" are:

> (1) permanent consequential limitation of use of a body organ or member;
>
> (2) significant limitation of use of a body function or system; and
>
> (3) a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the

4

>     material acts which constitute such
>     person's usual and customary daily
>     activities for not less than ninety
>     days during the one hundred eighty days
>     immediately following the occurrence of
>     the injury or impairment.

N.Y. Ins. Law § 5102(d). In this case, plaintiff contends that his injury falls within each of the categories listed above.

### III. Plaintiff's Injuries

The parties have submitted a series of affidavits from doctors and make various losing arguments about the admissibility and sufficiency of each other's medical experts' reports, which we find no need to describe in detail here.[3] Notwithstanding the fact that defendant has met its initial burden by presenting evidence indicating that plaintiff's injuries were not severe,[4] we find that plaintiff has produced sufficient evidence to defeat summary judgment.

---

[3] Given that plaintiff and defendant both played their part in failing to adhere to the discovery schedule set by this Court, we find it frustrating that they have chosen to focus a substantial portion of their motion papers on discovery issues and technicalities regarding their respective submissions. This is especially galling given the parties' apparent failure to realize that the federal rules of procedure and evidence apply to this case. We direct the parties to Williams v. Elzy, No. 00 Civ. 5382, 2003 WL 22208349 (HBP), at *5-6 (S.D.N.Y. Sept. 23, 2003), in which the court dealt with arguments similar to those that the parties have offered here.

[4] For example, defendant's expert, Dr. Robert April, filed a report that essentially gives plaintiff a clean bill of health. Defendant has also pointed to a 2006 internal record of plaintiff's treating physician, Dr. Dina Nelson, that suggests plaintiff enjoyed a substantial recovery in the months after the accident. See Aff. of Mark A. Solomon in Supp. of Mot. for Summ. J. Exs. D, E. Plaintiff incorrectly argues that Dr. Nelson's unsworn record is inadmissible. See Torres v. Micheletti, 208 A.D.2d 519, 616 N.Y.S.2d 1006 (2d Dep't

Plaintiff has met its burden primarily through the sworn report of Dr. Mark S. McMahon, which is properly treated as an affidavit. See Williams, 2003 WL 22208349 at *5. Dr. McMahon examined plaintiff on May 14, 2008 and tested both his cervical and lumbar spine. See Aff. of Christina M. Rieker in Supp. of Pl.'s Cross-Mot. for Summ. J. and in Opp. to Def.'s Mot. for Summ. J. Ex. E. With respect to the cervical spine, Dr. McMahon found that plaintiff could flex to two degrees (whereas 60 degrees is normal), and could not extend (i.e., zero degrees whereas 50 degrees is normal). With respect to plaintiff's lumbar spine, Dr. McMahon found that plaintiff can flex to two degrees (whereas 90 degrees in normal), and could not extend in any direction (i.e., zero degrees in all directions whereas 30 degrees is normal for straight extension and 20 degrees is normal for left and right extension). Dr. McMahon also reported that, based on his review of a 2006 MRI, plaintiff has various bulging and herniated discs. Dr. McMahon concluded that plaintiff's "prognosis is poor" and that his condition is "permanent."

This evidence, which is based on objective tests, reveals plaintiff's condition to be significantly worse than those of

---

1994)("[I]t is well settled that a moving defendant may rely upon the unsworn reports of the plaintiff's own physicians in support of a motion for summary judgment.").

plaintiffs in cases where motions for summary judgment on the "serious injury" question have been denied. See Williams, 2003 WL 22208349, at *5-6 (S.D.N.Y. Sept. 23, 2003)(50% limitation of movement in the cervical region and 60% limitation of movement in the lumbar region); Amofa v. N.S.C. Leading Corp., 247 A.D.2d 289, 290, 668 N.Y.S.2d 460 (1st Dep't 1998)(25% loss of range of motion of the spine); Nasrallah, 1998 WL 152568 at *6 (limitation of back movement from 40% to 50% in either direction); Pichardo, 1994 WL 369281 at *2 (5% restriction of flexion and extension of the neck, 10% restriction of flexion and extension of the lumbosacral spine, and 10% restriction of flexion and extension of the right knee).  Thus, Dr. McMahon's report, as well as the affidavits of Dr. Nelson and Dr. Alan Greenfield (which were based on examinations and MRIs conducted in 2006), are sufficient for plaintiff to defeat defendant's motion for summary judgment.[5]  This conclusion applies to each of the categories of N.Y. Ins. Law § 5102(d) that plaintiff has relied upon.

---

[5] We note, however, that plaintiff "continues to bear the burden of demonstrating that he falls within the 'serious injury' threshold of [N.Y. Ins. Law] § 5102(d), and that, although his evidence has proved sufficient to withstand a motion for summary judgment, a motion to dismiss the complaint may be brought during or at the of trial if he fails to establish a prima facie case of serious injury." Pichardo, 1994 WL 369281 at *3.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is denied and plaintiff cross-motion is granted. Trial on the issue of whether plaintiff suffered a "serious injury" and on the issue of damages will commence on August 11, 2008. Any *in limine* motions are due July 28 and any responses thereto are due August 1. The parties shall also submit proposed voir dire and jury charges on August 1. Each requested charge *must be written out in full* (*i.e.*, they may not simply refer by citation to a pattern jury instruction).

Dated:   New York, New York
         July 14, 2008

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

Attorney for Plaintiff
Christina M. Rieker, Esq.
Budin, Reisman, Kupferberg & Bernstein L.L.P.
112 Madison Avenue, 2nd Floor
New York, NY 10016-7416

Attorney for Defendant
Mark A. Solomon, Esq.
Harvey & Vandamme
90 Broad Street, Suite 2202
New York, NY 10004