UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABOUBACAR JALLOH,

                    Plaintiff,

     -against-

THOMAS P. WENDEL,

                  Defendant.

Index No.:  07 Civ. 4091
(NRB)

ECF CASE

**AFFIDAVIT**

MARK A. SOLOMON, an attorney duly admitted to practice before this Court, deposes and states:

1.     I am an attorney with the Law Offices of Harvey and Vandamme, attorneys for the defendant, Thomas Wendel, in the above captioned matter. I am fully familiar with the facts and circumstances herein from a review of the file maintained by my office, and I make this affidavit in support of the instant motion for a missing witness charge against plaintiff for unless plaintiff produces Dina Nelson, M.D and Allen Greenfield, M.D. to testify at the trial of the above captioned matter.

2.     This is an action for personal injuries allegedly sustained by plaintiff in a motor vehicle accident on August 7, 2006.

3.     On December 14, 2007, plaintiff provided a supplemental Rule 26 disclosure, in which plaintiff identified Dina Nelson, M.D. and Allen Greenfield, M.D. as expert witnesses. Plaintiff's disclosure specifically states: ". . . the plaintiff will rely upon expert testimony from his treating physicians only.  These are Physiatrist Dina Nelson, M.D. and radiologist Allen Greenfield, M.D . . .".  A copy of plaintiff's supplemental disclosure dated December 14, 2007 is annexed hereto and made a part hereof as **Exhibit "A"**.  As plaintiff's treating physiatrist and

radiologist these witnesses have unique and material knowledge about the material issues of plaintiff's alleged injuries, residuals and prognosis.

4.      On July 25, 2008, plaintiff sent a facsimile letter (dated June 4, 2008) advising that he intended to produce Dr. Mark McMahon to testify. A copy of plaintiff's letter is annexed hereto and made a part hereof as **Exhibit "B"**.

5.      Dr. McMahon, an orthopedist, has been identified as an "examining doctor" who saw plaintiff for the first time on May 24, 2008. A copy of plaintiff's disclosure of Dr. McMahon's report is annexed hereto as **Exhibit "C"**.

6.      Because Dr. Nelson and Dr. Greenfield actually treated plaintiff during the approximate four months following his accident, because their medical specialty and expertise differs from Dr. McMahon's, their testimony is in no way cumulative.

7. In addition, because both Dr. Nelson and Dr. Greenfield provided plaintiff with affirmation dated May 20, 2008, copies of which are annexed hereto collectively as **Exhibit "D"**, both of these expert witnesses remain available and under plaintiff's control.

8.      The applicable law is stated in <u>Satnick v. National Railroad</u>, 2005 U.S. Dist. LEXIS 1414 (SDNY):

> Under New York law, "it is well settled that a missing witness charge is warranted for the failure to call a treating physician as a witness at trial, unless the party opposing the inference shows that the witness is either unavailable, not under his control, or that the witnesses' testimony would be cumulative." <u>Dayanim v. Unis</u>, 171 A.D.2d 579, 567 N.Y.S.2d, 673, 674 (1991).

9.      The appropriate charge to be given should plaintiff fail to produce both Dr. Nelson and Dr. Greenfield to testify is as follows:

**§PJI 1:75. General Instruction--Evidence--Failure to Produce Witness--In General**

A party is not required to call any particular person as a witness. However, the failure to call a certain person as a witness may be the basis for an inference against the party not calling the witness. For example, in this case the plaintiff did not call Dina Nelson, M.D. and/or Allen Greenfield, M.D. *treating physicians* to testify on the questions of the *extent of plaintiff's injuries, causation and permanence.* [The plaintiff has offered the following explanation for not calling Dina Nelson, M.D. and/or Allen Greenfield, M.D. *[summarize explanation]*, as a witness or has offered no explanation for not calling Dina Nelson, M.D. and/or Allen Greenfield, M.D.]

*[If explanation is* offered] If you find that this explanation is reasonable, then you should not consider the failure to call Dina Nelson, M.D. and/or Allen Greenfield, M.D. in evaluating the evidence. If, however, you find that (the explanation is not a reasonable one, no explanation has been offered) you may, although you are not required to, conclude that the testimony of Dina Nelson, M.D. and/or Allen Greenfield, M.D. would not support the plaintiff's position on the questions of the extent of plaintiff's injuries, permanence, or causation, and would not contradict the evidence offered by the defendant on these questions and you may, although you are not required to, draw the strongest inference against the plaintiff on those questions, that opposing evidence permits.

**WHEREFORE,** it is respectfully requested that this Court issue an Order granting defendant's motion *in limine* for a missing witness charge against plaintiff unless plaintiff produces Dina Nelson, M.D and Allen Greenfield, M.D. to testify at the trial of the above captioned matter.

_____
MARK A. SOLOMON (2613)

Sworn to before me this
28th day of July 2008

_____
Notary Public

Crystal J. Franklin
Notary Public of New York
Registration #01FR6150968
Qualified in Queens County
My Commission Expires August 7, 2010

3

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                           ss.:
COUNTY OF NEW YORK  )


**ROBERTTA GRAHAM**, being duly sworn, deposes and says:  that deponent is not a party to this action is over 18 years of age and resides in Bronx, New York.

That on the **28th day of July 2008**, deponent served the within **AFFIDAVIT** upon:

TO:    BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP
        Attorneys for Plaintiff
        ABOUBACAR JALLOH
        112 Madison Avenue
        New York, New York 10016
        (212) 696-5500

at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in the official depository under the exclusive care and custody of the United States Post Office with the State of New York.

**ROBERTTA GRAHAM**

Sworn to before me this
28th day of July 2008

Notary Public

Crystal J. Franklin
Notary Public of New York
Registration #01FR6150968
Qualified in Queens County
My Commission Expires August 7, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABOUBACAR JALLOH,

                Plaintiff,

    -against-

THOMAS P. WENDEL,

                Defendant.

Index No.:  07 Civ. 4091
(NRB)

ECF CASE

---

**AFFIDAVIT**

---

**LAW OFFICES OF HARVEY AND VANDAMME**
Attorneys for Defendant
THOMAS WENDEL
90 Broad Street, Suite 2202
New York, NY 10004
(646) 428-2650