| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>ABOUBACAR JALLOH,<br><br>                              Plaintiff,<br><br>     -against-<br><br>THOMAS P. WENDEL,<br><br>                              Defendant. | Index No.: 07 Civ. 4091 (NRB)<br><br>ECF CASE<br><br>**DEFENDANT'S FIRST REQUEST TO CHARGE**<br><br>**Hon. Judge Naomi R. Buchwald** |

Defendant, THOMAS P. WENDEL, by and through his attorneys, the Law Offices of Harvey & Vandamme, as and for Defendant's First Request to Charge respectfully requests the Court Charge the jury as follows:

**§PJI 1:22  Falsus in Uno**

If you find that any witness has wilfully testified falsely as to any material fact, that is as to an important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally "unbelievable". You may accept so much of his or her testimony as you deem true and disregard what you feel is false.  By the processes which I have just described to you, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

**§PJI 1:23  Burden of Proof**

The burden of proof rests on the plaintiff. That means that it must be established by a fair preponderance of the credible evidence that the claim plaintiff makes is true. The credible evidence means the testimony or exhibits that you find to be worthy to be believed. A preponderance of the evidence means the greater part of such evidence. That does not mean the greater number of witnesses or the greater length of time taken by either side.  The phrase refers to the quality of the evidence, that is, its convincing quality, the weight and the effect that it has on your minds. The law requires that in order for the plaintiff to prevail on a claim, the evidence that supports (his, her) claim must appeal to you as more nearly representing what took place than the evidence opposed to (his, her) claim. If it does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side, then you must decide the question in favor of the defendant. It is only if the evidence favoring the plaintiff's claim outweighs the evidence opposed to it that you can find

in favor of plaintiff.

**§PJI 1:25A. Juror's Use of Professional Expertise**

Although as jurors you are encouraged to use all of your life experiences in analyzing testimony and reaching a fair verdict, you may not communicate any personal professional expertise you might have or other facts not in evidence to the other jurors during deliberations. You must base your discussions and decisions solely on the evidence presented to you during the trial and that evidence alone. You may not consider or speculate on matters not in evidence or matters outside the case.

**§PJI 1:27.  Exclude Sympathy**


In reaching your verdict you are not to be affected by sympathy for any of the parties, what the reaction of the parties or of the public to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in this courtroom. You should consider only the evidence--both the testimony and the exhibits--find the facts from what you consider to be the believable evidence, and apply the law as I now give it to you. Your verdict will be determined by the conclusion you reach, no matter whom the verdict helps or hurts.

**§PJI 1:70.  General Instruction--Circumstantial Evidence**


Facts must be proved by evidence. Evidence includes the testimony of a witness concerning what the witness saw, heard or did. Evidence also includes writings, photographs, or other physical objects which may be considered as proof of a fact. Evidence can be either direct or circumstantial. Facts may be proved either by direct or circumstantial evidence or by a combination of both. You may give circumstantial evidence less weight, more weight, or the same weight as direct evidence.

Direct evidence is evidence of what a witness saw, heard, or did which, if believed by you, proves a fact. For example, let us suppose that a fact in dispute is whether I knocked over this water glass near the witness chair. If someone testifies that he saw me knock over the glass, that is direct evidence that I knocked over the glass.

Circumstantial evidence is evidence of a fact which does not directly prove a fact in dispute but which permits a reasonable inference or conclusion that the fact exists. For example, a witness testifies that he saw this water glass on the bench. The witness states that, while he was looking the other way, he heard the breaking of glass, looked up, and saw me wiping water from my clothes and from the papers on the bench. This testimony is not direct evidence that I knocked over the glass; it is circumstantial evidence from which you could reasonably infer that I knocked over the glass.

Those facts which form the basis of an inference must be proved and the inference to be drawn must be one that may be reasonably drawn. In the example, even though the witness did not see me knock over the glass, if you believe (his, her) testimony, you could conclude that I did.

2

Therefore, the circumstantial evidence, if accepted by you, allows you to conclude that the fact in dispute has been proved.

In reaching your conclusion you may not guess or speculate. Suppose, for example, the witness testifies that the water glass was located equally distant from the court clerk and me. The witness states that he heard the breaking of glass and looked up to see both the court clerk and me brushing water from our clothes. If you believe that testimony, you still could not decide on that evidence alone who knocked over the water glass. Where these are the only proved facts, it would be only a guess as to who did it. But, if the witness also testifies that he heard the court clerk say "I am sorry," this additional evidence would allow you to decide who knocked over the water glass.

### §PJI 1:90. General Instruction--Expert Witness

You will recall that the witness(es) *[state name(s)]* testified concerning (his, her, their) qualifications as *[an]* expert(s) in the field(s) of *[state profession(s)]* and gave (his, her, their) opinion concerning the issues in this case. When a case involves a matter of science or art or requires special knowledge or skill not ordinarily possessed by the average person, an expert is permitted to state (his, her) opinion for the information of the court and jury. The opinion(s) stated by (the, each) expert who testified before you (was, were) based on particular facts, as the expert obtained knowledge of them and testified to them before you, or as the attorney(s) who questioned the expert asked the expert to assume. You may reject the expert's opinion if you find the facts to be different from those which formed the basis for the opinion. You may also reject the opinion if, after careful consideration of all the evidence in the case, expert and other, you disagree with the opinion. In other words, you are not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other testimony. Such an opinion is subject to the same rules concerning reliability as the testimony of any other witness. It is given to assist you in reaching a proper conclusion; it is entitled to such weight as you find the expert's qualifications in the field warrant and must be considered by you, but is not controlling upon your judgment.

### §PJI 1:91. General Instruction--Interested Witness--Generally

The plaintiff and the defendant both testified before you. As parties to the action, both are interested witnesses.

An interested witness is not necessarily less believable than a disinterested witness. The fact that (he, she) is interested in the outcome of the case does not mean that (he, she) has not told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether or not the testimony has been influenced, intentionally or unintentionally, by (his, her) interest. You may, if you consider it proper under all of the circumstances, not believe the testimony of such a witness, even though it is not otherwise challenged or contradicted. However, you are not required to reject the testimony of such a witness, and may accept all or such part of (his, her) testimony as you find reliable and reject such part as you find unworthy of acceptance.

### §PJI 1:97. General Instruction--Special Verdicts

This case will be decided on the basis of the answers that you give to certain questions that will be submitted to you. Each of the questions asked calls for *[Insert appropriate phrase, such as: (a "Yes" or "No" answer), (some numerical figure), (some percentage), etc.]*. While it is important that the views of all jurors be considered, five of the six of you must agree on the answer to any question, but the same five persons need not agree on all of the answers. When five of you have agreed on any answer, the foreperson of the jury will write the answer in the space provided for each answer and each juror will sign in the appropriate place to indicate (his, her) agreement or disagreement. (Where appropriate, add: As you will note from the wording of the questions, you need not consider question 2, etc., at all if your answer to question 1 is "No".)

When you have answered all the questions that require answers, report to the court.

Do not assume from the questions or from the wording of the questions or from my instructions on them what the answers should be.

### §PJI 2:70. Proximate Cause--In General

An act or omission is regarded as a cause of an injury if it was a substantial factor in bringing about the injury, that is, if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury. [*If the court intends to charge apportionment, the following language should be added to the charge*: Whether the negligence of a particular party was a substantial factor in causing an injury does not necessarily depend on the percentage of fault that may be apportioned to that party.]

### §PJI 2:88A. No-Fault Law--Threshold--Injury to Body Organ, Member, Function or System

You must answer the following question: As a result of the accident, has the plaintiff permanently lost the use of a body (organ, member, function, system)?

It is not necessary for you to find total loss of the (organ, member, system, function). It is sufficient that you find that the (organ, member, function, system) no longer operates at all, or operates in some limited way.

If you find that there has been a loss, and also that the loss is permanent, you must answer the question "yes." If you find that there has been no loss, or that the loss is not permanent, you must answer the question "no."

You will be given a form on which the question is written. Try to make your answer unanimous; but if all of you cannot agree, when five of you have reached agreement, that agreement will constitute the answer. The foreman must then fill in the answer in the space left for that purpose, and each of you must then sign in the appropriate place on the form.

**§PJI 2:88E.  No-Fault Law--Threshold--Significant Limitation of Use of Body Function or System**

You must answer the following question: As a result of the accident, has the plaintiff sustained a significant limitation of use of a body function or system?

A limitation of use of a body function or system means that the function or system does not operate at all or operates only in some limited way. It is not necessary for you to find that there has been a total loss of the body function or system or that the limitation of use is permanent. However, the limitation of use must be significant, meaning that the loss is important or meaningful. A minor, mild or slight limitation of use is not significant.

If you find that there has been a limitation of use, and also that the limitation is significant, you must answer the question "yes." If you find that there has been no limitation, or that the limitation is not significant, you must answer the question "no."

**§PJI 2:88F.  No-Fault Law--Threshold--Permanent Consequential Limitation of Use of Body Organ or Member**

You must answer the following question: As a result of the accident, has the plaintiff sustained a permanent consequential limitation of use of a body organ or member?

A limitation of use of a body organ or member means that the body organ or member does not operate at all or operates only in some limited way. It is not necessary for you to find that there has been a total loss of the use of the body organ or member. The limitation of use must be consequential which means that it is significant, important or of consequence. A minor, mild or slight limitation of use is not significant, important or of consequence.

If you find that there is a permanent limitation of use, and also that the limitation is consequential, as I have defined it, you must answer the question "yes." If you find that there is no permanent limitation, or that the limitation is not consequential, you must answer the question "no."

**§PJI 2:88G.  No-Fault Law--Threshold--Non-Permanent Medically Determined Injury That Prevents Performance Of Usual and Customary Daily Activities For 90 of 180 Days Immediately Subsequent to Injury.**

You must answer the following question:  As a result of the accident, did the plaintiff sustain a medically determined injury or impairment of a non-permanent nature that prevented (him, her) from performing substantially all of the material acts that constituted (his, her) usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the accident?

A medically determined injury is one that is supported by testimony by [specify

appropriate medical professional such as: doctor, osteopath, chiropractor]. If you find there is a medically determined injury or impairment of a non-permanent nature that prevented the plaintiff from performing substantially all of the material acts that constituted (his, her) usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the accident, you must answer the question "Yes."

If you find that there is no medically determined injury or impairment of a non-permanent nature that prevented the plaintiff from performing substantially all of the material acts that constituted (his, her) usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the accident, you must answer the question "No."

Dated: New York, New York
       July 30, 2008

                                    Yours, etc.

                                    LAW OFFICES OF HARVEY AND VANDAMME

                                    By:_____
                                        Mark A. Solomon (2613)
                                    Attorneys for Defendant
                                    THOMAS WENDEL
                                    90 Broad Street, Suite 2202
                                    New York, NY 10004
                                    (646) 428-2650


TO:   BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP
      Attorneys for Plaintiff
      ABOUBACAR JALLOH
      112 Madison Avenue
      New York, New York 10016
      (212) 696-5500

6

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                      ss.:
COUNTY OF NEW YORK    )

**ROBERTTA GRAHAM**, being duly sworn, deposes and says: that deponent is not a party to this action is over 18 years of age and resides in Bronx, New York.

That on the 30th day of **July 2008**, deponent served the within **DEFENDANT'S FIRST REQUEST TO CHARGE** upon:

TO: BUDIN, REISMAN, KUPFERBERG & BERNSTEIN, LLP
    Attorneys for Plaintiff
    ABOUBACAR JALLOH
    112 Madison Avenue
    New York, New York 10016
    (212) 696-5500

at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid, properly addressed wrapper, in the official depository under the exclusive care and custody of the United States Post Office with the State of New York.

_____
ROBERTTA GRAHAM

Sworn to before me this
30th day of July 2008

_____
Notary Public

*Crystal J. Franklin*
*Notary Public of New York*
*Registration #01FR6150968*
*Qualified in Queens County*
*My Commission Expires* August 7, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ABOUBACAR JALLOH,

            Plaintiff,

   -against-

THOMAS P. WENDEL,

           Defendant.

Index No.: 07 Civ. 4091 (NRB)

ECF CASE

## DEFENDANT'S FIRST REQUEST TO CHARGE

**LAW OFFICES OF HARVEY AND VANDAMME**
Attorneys for Defendant
THOMAS WENDEL
90 Broad Street, Suite 2202
New York, NY 10004
(646) 428-2650

1